THE HONORABLE RONALD B. LEIGHTON

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

WILLIAM P. PINK,

    Defendant

Case No.: CR08-5031RBL

ORDER GRANTING DEFENDANT'S MOTION TO WITHDRAW PLEA

This matter comes before the Court on Defendant William P. Pink's motion to withdraw his guilty plea and to dismiss the indictment. [Dkt # 33] Having considered the motions and the entirety of the record developed, the Court GRANTS Defendant's motion to withdraw his plea and DENIES his motion to dismiss the indictment.

**I. Facts**

Mr. Pink pled guilty on March 23, 2008, before this Court to being a felon in possession of a firearm. Mr. Pink was a passenger in a car traveling in the Quinault Indian Nation (the Reservation) when Grays Harbor County Sheriff deputies stopped the car for traffic infractions. The deputies arrested the driver for driving with a suspended license. After determining that Mr. Pink was wanted on several outstanding warrants, the deputies arrested him also. Incident to his arrest, the deputies found ammunition in Mr. Pink's pocket and an unloaded hunting rifle in the vehicle. Mr. Pink admitted the rifle was his and produced valid hunting tags issued to him by the Quinault Tribe. He indicated that he was a felon, but that his right to bear firearms "may have been restored by the tribe." [Dkt # 33]

ORDER - 1

Since his plea, Mr. Pink alleges new information has come to light which would have changed his plea decision if he had known it at that time. First, notes from Mr. Pink's Community Corrections Officer (CCO) indicated that the CCO had told Mr. Pink that his right to possess a firearm on Quinault Indian land had to be determined by Quinault police. Second, Mr. Pink has an assessed IQ of 62, considered "mildly mentally retarded." [Dkt # 33] Mr. Pink argues that the Court should view the novelty of the CCO's notes in light of Mr. Pink's mental status, and that this combination of factors meets the standard to withdraw his plea. The United States asserts that, due to lack of novelty, they do not.

## II. Analysis

A defendant may withdraw his guilty plea after it is accepted but before sentencing if he demonstrates "a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). This standard "is applied liberally." *United States v. Garcia*, 401 F.3d 1008, 1011 (9th Cir. 2005). Evidence is sufficient if it "could have at least plausibly motivated a reasonable person in [the defendant's] position not to have pled guilty had he known about the evidence prior to pleading." *Id.* at 1011-12.

Mr. Pink first submits the CCO's notes from their meeting where the CCO told Mr. Pink "to contact the tribal chief of police. If allowed [Pink] would have to keep his guns on the reservation at all times." [Dkt # 33, exh. 1, at 1] Pink argues this evidence demonstrates that he understood he was prohibited from possessing a firearm, but believed that his rights on the Reservation may be different, and that his belief was reasonable.

Further buttressing his claim, Mr. Pink argues that his diminished mental capacity becomes more significant in light of his possible defenses based upon the other evidence. Mr. Pink argues that his defense is strengthened because application of the "reasonable person" standard to him is unfair. *See Garcia*, 401 F.3d at 1011. Because of Mr. Pink's diminished capacity, he would not have been able to make the same judgments when confronted with the conflicting information between his known prohibition on firearms and the information given to

him by his CCO. Additionally, he did not appreciate the importance of this information when conferring with his attorney about the decision to enter a plea.

Looking at this evidence in the light of a reasonable person in the defendant's position, the Court FINDS the evidence could have motivated him to change his position. *See Garcia*, 401 F.3d at 1011-12. Mr. Pink's CCO told him that the status of his right to carry a firearm on the Reservation was dependent upon the "tribal chief of police." Mr. Pink was then issued game tags and hunting rights by the Tribe. In light of Mr. Pink's diminished mental capacity, this information can be viewed as newly discovered. This new information suggests that a reasonable person with this information may have made a different decision than a reasonable person without it. *See id.* Mr. Pink's motion to withdraw his guilty plea is GRANTED.

Mr. Pink also moves to dismiss the indictment, but does not support his request with statutory authority, case law, or argument. Dismissal is considered an extreme remedy. *See United States v. Lopez*, 4 F.3d 1455, 1464 (9th Cir. 1993). Mr. Pink's motion to dismiss the indictment is DENIED.

### III. Conclusion

Mr. Pink has shown sufficient evidence to support his request to withdraw his guilty plea and that motion is GRANTED. He has not demonstrated why the indictment should be dismissed and that motion is DENIED. [Dkt # 33]

IT IS SO ORDERED.

Dated this 1st day of August 2008.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER - 3